SMITH, Presiding Judge.
Defendant appeals from a judgment against it in a court tried case awarding damages of $13,177.60 to plaintiff. Only the amount of damages awarded is raised on appeal. We affirm.
Plaintiff is in the business of selling nursery products including apple trees. It purchased 23,829 apple trees from a nursery in Oregon for resale. The trees were of several varieties and sizes and some carried names identifying them as Stark exclusives. Defendant transported the trees from Oregon to plaintiff’s business location in Louisiana, Missouri. Upon arrival many of the trees were found to be frozen. Efforts were made to save as many as possible but ultimately 2781 (12%) of them died as a result of freezing. The evidence supported a conclusion that the freezing occurred as a result of defendant’s negligence. The court awarded the plaintiff the retail value of the trees lost plus 12% of the total shipping cost.[1]
Defendant raises three points on appeal, but each constitutes a challenge to the use of retail value as the measure of damages. Where property is destroyed by tortious act the owner is entitled to its monetary equivalent so as to be placed into as good a position as he would have enjoyed in the absence of the destruction. Standard Oil Co. of New Jersey v. Southern Pacific Co., 268 U.S. 146, 45 S.Ct. 465, 69 L.Ed. 890 (1925) [3-6]. An interstate carrier which has caused the damage is liable for the “full actual loss” to the owner. Meletio Sea Food Co. Inc. v. Gordons Transports, Inc., 191 S.W.2d 983 (Mo.App.1946) [1,2]. That loss is the value of the property at the destination point at the time the delivery should have been made, which is its market value. Id. In determining market value the usual rule is that *206 merchandise which is utilized as stock by the owner is not valued at its retail price but on the basis of replacement cost. Where, however, the merchandise is for immediate consumption or has been sold the retail price is utilized to measure value. Chevron Chemical Co. v. Streett Industries, Inc., 534 F.Supp. 801 (E.D.Mo.1982) [2], Where replacement can be effectuated the owner of the property is fully compensated upon receipt of the expenses of replacement. Where replacement of the goods cannot be effectuated the owner is not fully compensated if he has lost profits from lost sales. Id. [3-5]. Where all expense of the sales has or will be accrued then the retail value of the product determines the loss to the owner when the product has already been sold and cannot be replaced.
Defendant contends that because the trees here, which were received in January, were not to be delivered until spring they constituted stock of the plaintiff and purchase price plus shipping is the proper measure of damages. We do not agree. The testimony supports a finding that the destroyed trees had already been sold and that refunds and pro rata delivery to customers who had ordered them was necessary. Because of their nature trees are harvested only while in their dormant state (winter) and are delivered for planting in the spring. Plaintiffs business requires it to receive the trees several months before making delivery to its customers. But that delay in delivery does not make the trees a part of the “stock” of plaintiff. The trees were already sold and were warehoused on plaintiff’s premises until the appropriate delivery date during planting season.
Nor do we find the trees subject to replacement as defendant contends. These trees were grown on a particular root stock giving them certain advantages for orchards. They included a variety of species which are not interchangeable. They were of various trunk dimensions and obviously cannot be regrown in a few weeks. The length of time necessary to determine which trees had actually died was long enough to bring the trees to the end or very close to the end of their dormancy period. The evidence clearly established that plaintiff lost trees which it had already sold and which it could not replace. Retail price was the proper measure of damages.
Defendant further contends that plaintiff eliminated certain expenses which it otherwise would have had and its damages should have been accordingly reduced. We are unable to locate those savings. There was obviously no reduction in selling expense as that had already been incurred. In fact plaintiff incurred additional expense in making refunds and pro rating orders. Sales are f.o.b. plaintiffs premises so no shipment expenses were eliminated. It was necessary to warehouse the frozen trees for four to six weeks to determine mortality and the warehousing and thawing was done in a special way. There is no indication that any savings in labor or warehousing expense occurred. We find no merit to this point.
Finally, defendant contends the evidence did not establish lost profits. The point is irrelevant. No profits as such were awarded. They may or may not have been included in the retail price, but given the measure of damages correctly utilized it makes no difference. There was no requirement that profits be separately proved.
Judgment affirmed.
DOWD and REINHARD, JJ., concur.

. Defendant raises no issue about the apparent duplication in damages inherent in an award of retail price plus an element of that price — shipping cost. We therefore do not address that issue and mention it here only to make clear that our affirmance does not constitute approval of an award of retail price and shipping costs.